In the Matter of CHARLES J. LALOGGIA and LOUIS GORANKOFF, Attorneys, Respondents. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 24, 1992

**APPEARANCES OF COUNSEL**

*Daniel Drake* for petitioner.

*Charles J. LaLoggia,* respondent *pro se.*

*Louis Gorankoff,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

■ Respondents are attorneys who were respectively admitted to practice by this court on February 16, 1971 and April 5, 1965 and, at the time the petition was filed, maintained an office together for the practice of law in Rochester, New York. They are charged with multiple violations of the Code of Professional Responsibility. Respondents denied the material allegations of the petition and we referred the matter to a Referee, who filed a report finding respondents guilty of the violations charged except for charges Tenth and Eighteenth of the petition. Petitioner moves to confirm the report in part and disaffirm in part. Respondents cross-move for similar relief. We grant petitioner's motion, confirm the findings of fact contained in the Referee's report, except as stated herein, and find respondents guilty of violating the Disciplinary Rules as charged in the petition.

The testimony before the Referee established that in the period 1984 through 1987, respondents embarked upon a business venture whereby they acquired parcels of real estate in the City of Rochester for the purpose of rehabilitating those properties and renting or selling them to others. In order to fund the business venture, respondents borrowed money from lending institutions, from individuals whose participation was solicited through print media advertising and from referrals made by third parties. Additionally, funds were raised by soliciting clients of their law firm. Moreover, respondents, while investing the borrowed money, made investments on behalf of some clients, and managed properties and collected funds on behalf of other clients. In general, the loan proceeds and investment money received from clients were deposited in respondents' "Real Estate Operating Account". In late 1986 respondents diversified the real estate business to encompass several other businesses including an entity called Video Dynamics. In September 1987 respondents owed the law clients named in the petition money in excess of $700,000. Those obligations were evidenced by respondents' unsecured promissory notes. In 1988, respondents filed for bankruptcy protection.

### CHARGE FIRST

Respondents were charged with violating Code of Professional Responsibility DR 5-104 (A), DR 5-101 (A) and DR 9-102 (B) (3) involving their transactions with a client from whom they solicited a loan of $137,000. Respondents sold two properties that they owned to this client at a substantial profit without disclosing to her the circumstances surrounding those purchases and sales. Respondents collected rents from those properties on behalf of the client and deposited the rents in their business account. The principal balance of the loan of $137,000 remains unpaid. The record demonstrates that respondents failed to disclose to the client the risks associated with the unsecured loan made to them. In the particular circumstances presented, we find that respondents violated Code of Professional Responsibility DR 5-104 (A), DR 5-101 (A) and DR 9-102 (B) (3).

### CHARGE SECOND

Respondents entered into a loan and investment transaction with another client. This client agreed to loan $60,000 to respondents for use in their real estate business; the client gave respondents an additional $60,000 to hold for her benefit in order to purchase real property. Respondents placed the additional money in their business operating account. Thereafter, respondents used that additional money for personal or business purposes. Furthermore, respondents failed to disclose fully to this client their debt structure which at that time approximated $493,000. A total of $95,000 remains outstanding on this loan. We find respondents guilty of violating Code of Professional Responsibility DR 5-104 (A) and DR 9-102.

### CHARGE THIRD

Respondents were aware that a client had an acute alcohol problem. Nonetheless, respondents represented him when they purchased his real property. On August 8, 1985, respondents gave the client an unsecured note for $13,500 with interest at 16% per annum to fund, in part, the purchase. Respondents defaulted on the note on August 8, 1987, leaving a principal balance of $11,500 due. That sum remains unpaid. Respondents failed to inform the client of his right to secure independent counsel in connection with the real estate transaction. Further, respondents had the client sign a statement falsely indicating that they were not representing him in this trans-

action but would prepare the documents necessary to close the matter. Under those particular circumstances, we find that respondents violated Code of Professional Responsibility DR 1-102 (A) (4) and (former [6]) and DR 5-104 (A).

### CHARGES FOURTH THROUGH NINTH AND ELEVENTH THROUGH SEVENTEENTH

Each of these charges allege that respondents borrowed substantial sums of money from clients. The record shows that respondents failed to give full and proper disclosure to clients with whom they contemplated participating in a business transaction. Moreover, the record shows, and the Referee found, that "respondents took advantage of the trust and confidence reposed in them by their clients for purposes of advancing their own interest". We find that the charges were established either by admission or by proof before the Referee. We find that respondents violated Code of Professional Responsibility DR 5-104 (A), DR 1-102 (A) (4) and (former [6]) in the various financial transactions with these clients.

### CHARGE TENTH

Respondents were charged with engaging in conduct involving dishonesty, fraud, and misrepresentation and conduct that adversely reflects on their fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (former [6]). The charge arose out of respondents' business dealings with a nonclient, a paraplegic who was referred to the respondents by another investor and loaned them a portion of the proceeds of an accident settlement. He was told by respondent Gorankoff that the real estate business was extremely safe and that the $18,000 which Gorankoff induced him to lend was "very secure". Gorankoff did not disclose the amount of respondents' outstanding debts of about $431,000. The principal amount of the loan, $18,000, remains unpaid. The individual told Gorankoff that he wanted to preserve the principal loan to meet his special needs because of his disability and he specifically inquired about the safety of his investment. Gorankoff gave him false and misleading information upon which he relied to his detriment. Under those circumstances, we find that respondents violated Code of Professional Responsibility DR 1-102 (A) (4) and (former [6]).

### CHARGE EIGHTEENTH

Respondents were charged with violating Code of Professional Responsibility DR 5-104 (A), engaging in a business transaction with a client without giving full disclosure and Code of Professional Responsibility DR 1-102 (A) (former [6]), engaging in conduct that adversely reflected on their fitness to practice law. The charge arose out of a client's investment of $50,000 in respondents' Video Dynamics business. The Referee found that the client "did not rely on an attorney client relationship as a basis for his decision to make his loan and enter into a limited partnership". Petitioner argues that the finding is against the weight of the evidence.

The client testified that Gorankoff represented him in several real estate matters that resulted in his accumulating $55,000. Gorankoff suggested he invest in Video Dynamics and represented that it would be a chance of a lifetime to make all kinds of money. He asked if he should consult another attorney and Gorankoff assured him that was unnecessary as "they could handle it without outside attorneys". Further, the record shows that respondents told the client, upon his inquiry in May 1987 that at Video Dynamics, "everything was fantastic and fabulous". In fact, however, at that time, respondents had outstanding debts in excess of $710,155 and, as the Referee found, in approximately the middle of May 1987 respondents had commenced defaulting on their other investments. Thus, respondents failed to make full disclosure to this client regarding their financial dealings with him.

We find, therefore, that in connection with their financial transactions with this client, respondents violated Code of Professional Responsibility DR 5-104 (A) and DR 1-102 (A) (former [6]).

■ Respondents' contention that Code of Professional Responsibility DR 5-104 (A) is unconstitutional because its language is overbroad and vague is without merit. Respondents' reliance on *Gentile v State Bar of Nevada* (501 US —, 115 L Ed 2d 888), as support for that contention is misplaced. In addressing the issue to be considered in *Gentile (supra,* at —, at 897), the Supreme Court wrote "On the other hand, one central point must dominate the analysis: this case involves classic political speech". This disciplinary matter before us does not implicate that issue. Moreover, upon our examination of the language of Code of Professional Responsibility DR 5-104 (A), we perceive no facial deficiency of constitutional dimension.

Respondents are guilty of egregious and inexcusable misconduct and should be disbarred.

DENMAN, P. J., CALLAHAN, GREEN, BALIO and LAWTON, JJ., concur.

Order of disbarment entered.