In the Matter of DONALD A. KOHLER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 18, 1992

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Rochester *(Daniel A. Drake* of counsel), for petitioner.

*Fero & Pilato,* Rochester *(Dean J. Fero* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on

February 21, 1978 and has maintained an office for the practice of law in the City of Rochester, New York. The allegations of the petition, which are essentially uncontroverted, establish that the respondent represented a legally blind widow, who was 84 years of age, on various legal matters from 1978 to 1989. In the summer of 1989, the client executed a power of attorney authorizing respondent to establish a bank account in her name. Pursuant to the power, respondent redeemed a certificate of deposit in the amount of $21,546.75 and established a passbook savings account at Rochester Community Savings Bank in his name and the name of the client. Respondent withdrew a total of $19,000 from the account for his own use over the succeeding three months. In March of 1991 as a result of an inquiry by the client, she was advised by the bank that not all of her funds were on deposit. After being confronted by the client, on April 16, 1991, respondent established a money market checking account in her name at the same bank and deposited $18,521.66 of his own funds, which represented the balance of the monies that had been withdrawn by him without authorization plus $2,021.66 in accumulated interest. Thereafter, the client consulted with another attorney. Respondent advised him that the client's money had been maintained in bank accounts at all times but that the accounts "did not generate statements".

Based upon the foregoing, we find that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility: former DR 1-102 (A) (3)—illegal conduct involving moral turpitude; former DR 1-102 (A) (4)—conduct involving dishonesty; former DR 9-102 (A)—failing to preserve and maintain client funds in an identifiable bank account; and former DR 9-102 (B)—failing promptly to pay funds to a client. We further find that the respondent violated the following Rules of Conduct Relating to Attorneys of the Appellate Division, Fourth Department (22 NYCRR): former rule 1022.5 (a)—commingling client funds with his own and former rule 1022.5 (b)—failing to maintain appropriate records relating to client funds. We further find that the respondent violated the following Disciplinary Rules of the Code of Professional Responsibility: former DR 1-102 (A) (3)—illegal conduct involving moral turpitude; former DR 1-102 (A) (4)—conduct involving dishonesty and misrepresentation; former DR 9-102 (A)—commingling client funds with his own; DR 9-102 (B) (4)—failing to preserve and maintain client funds in a special account;

former DR 9-102 (C) (3) and (4)—failing to maintain complete records of client funds and failing promptly to pay client funds to a client; and DR 9-102 (D) (1) and (2)—failing to maintain required records relating to a special account.

Respondent advanced two matters in mitigation. The first alleges that he failed to maintain appropriate records and that he used certain clients funds for his own use, but that he did not have the "mental capacity" to engage in any of the other violations. The second matter alleged in mitigation is that respondent suffers from the disease of alcoholism, which is presently arrested, and that he was under extreme financial pressure at the time the offenses occurred. Respondent contended further that he was suffering from "deep-seated and serious psychological problems" at the time of the occurrences herein and that, because of those problems, he did not possess the "wherewithal to act as a reasonable or rational attorney". Respondent submitted substantial documentation in support of the matters alleged in mitigation. He has successfully completed phases II and III of a substance abuse program. He has made substantial progress in enhancing his sober support network by attending Alcoholics Anonymous meetings on a weekly basis. His answer also includes a report from a psychologist indicating psychological problems originating in his childhood, which interacted with his alcohol abuse. Respondent now has his alcoholism under control and is receiving regular treatment for his psychological problems.

Under all of these circumstances, we determine that respondent should be suspended for a period of two years and until further order of this Court.

DENMAN, P. J., CALLAHAN, GREEN, BALIO and LAWTON, JJ., concur.

Order of suspension entered.