[600 NYS2d 551]

In the Matter of RICHARD L. LEVINE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 16, 1993

## APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Ted A. Barraco,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 21, 1983, and thereafter practiced law in Syracuse, New York.

By petition dated April 8, 1993, the Grievance Committee of the Fifth Judicial District has charged respondent with various violations of Disciplinary Rules of the Code of Professional Responsibility, specifically DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7])—conduct that adversely reflects on his fitness to practice law (formerly DR 1-102 [A] [6]); DR 5-101 (A) (22 NYCRR 1200.20 [a])—entering into a business relationship with a client without full disclosure; and DR 5-104 (A) (22 NYCRR 1200.23 [a])—representing a client when the exercise of his professional judgment on behalf of his client is adversely affected by his own financial interest.

The charges arose in connection with respondent having borrowed $10,000 from his client in 1987, for which he gave his promissory note payable in one year at 18% interest. The note was renewed in 1988, 1989, 1990, and 1991 at the same rate of interest. During this period of time, respondent paid $2,000 on the indebtedness. In 1991, the client requested respondent to pay her the money owed. Respondent failed to respond to this request and the client was forced to retain counsel who obtained a default judgment in the sum of $24,988.90, which remains unsatisfied.

The petition charges respondent with failing to disclose to his client her right to seek independent counsel and professional advice concerning the risks involved in making the loans, and to protect her interests and exercise his independent professional judgment on behalf of his client.

Respondent's answer admits the allegations in the petition and offers in mitigation only his many years of personal and professional relationship with the client.

We have consistently held that it is improper for an attorney to enter into a business relationship with or borrow money from a client without first advising the client of the right and advisability to seek other counsel to obtain independent advice concerning such relationships (see, Matter of Curtis, 183 AD2d 375; Matter of LaLoggia, 180 AD2d 77, mot to dismiss appeal granted 80 NY2d 892).

In view of respondent's admitted misconduct, we conclude that he should be suspended from the practice of law for a period of one year and until further order of this Court.

DENMAN, P. J., CALLAHAN, GREEN, PINE and BOOMER, JJ., concur.

Order of suspension entered.