[600 NYS2d 550]

In the Matter of EDWARD W. DIETRICH, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 16, 1993

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Verne O'Dell,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this

Court and thereafter maintained an office for the practice of law in Fayetteville, New York.

By petition dated April 8, 1993, the Grievance Committee of the Fifth Judicial District has charged respondent with various violations of Disciplinary Rules of the Code of Professional Responsibility, specifically:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—conduct involving dishonesty, fraud, deceit, and misrepresentation;

DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7])—conduct that adversely reflects on his fitness to practice law (formerly DR 1-102 [A] [6]; and

DR 5-104 (A) (22 NYCRR 1200.23 [a])—limiting business relations with a client having different interests therein without full disclosure.

The charges arose in connection with an investment of $25,000 by clients of respondent in a real estate development corporation owned and controlled by him. Respondent guaranteed to the clients a return of $12,500 in addition to their original investment within three years as evidenced by an agreement drafted and signed by respondent. In 1990, when respondent was unable to comply with the terms of the agreement, the clients granted an extension of two years as evidenced by a promissory note executed by respondent. At the request of the clients, respondent agreed to provide a mortgage on property owned by himself and his wife on Hilton Head Island, South Carolina. Respondent gave the clients a note and mortgage, upon which was written a notation that the document had been recorded in the office of the Clerk of the Court of Beaufort County, South Carolina, on November 4, 1990. In 1992, when respondent sought an additional extension and was refused, he advised the clients that the mortgage had not been recorded and that the property had been sold by respondent and his wife on March 18, 1991 without disclosure to the clients.

Respondent's answer admits in substance all of the allegations of the petition and offers in mitigation only that his sole purpose in accepting the investment from his clients was to permit them, as friends, to participate in a good investment. Respondent contends that, because the real estate market eroded and personal income tax problems developed, he was unable to generate sufficient cash flow to service his debts.

We have consistently held that it is improper for an attorney to enter into a business relationship with a client without

first advising the client to seek other counsel for independent advice concerning such a relationship *(see, Matter of Curtis,* 183 AD2d 375; *Matter of LaLoggia,* 180 AD2d 77, *mot to dismiss appeal granted* 80 NY2d 892). In addition, respondent deceived and defrauded his clients by falsely representing to them that he had recorded the mortgage he gave them as security for their investment.

In view of respondent's admitted misconduct, we conclude that he should be suspended from the practice of law for a period of two years and until further order of this Court. Respondent further should be ordered to make restitution pursuant to section 90 (6-a) (a) of the Judiciary Law.

DENMAN, P. J., CALLAHAN, GREEN, PINE and BOOMER, JJ., concur.

Order of suspension entered.