[600 NYS2d 547]

In the Matter of JOHN C. KANALEY, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, July 16, 1993

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Edward F. Gerber,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on

December 11, 1968 and maintains an office for the practice of law in Syracuse, New York. By petition dated December 12, 1991, the Grievance Committee of the Fifth Judicial District charged respondent with various violations of the former Code of Professional Responsibility, specifically DR 1-102 (A) (4), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; DR 1-102 (A) (6), engaging in other conduct that adversely reflects on the lawyer's fitness to practice law; DR 9-102 (A), failing to preserve the identity of funds and property of a client; DR 9-102 (B) (1), (3) and (4), failing to maintain separate accounts and complete records and failing promptly to notify the client of the receipt of funds and to pay to the client property of the client's that is in the possession of the lawyer; and 22 NYCRR former 1022.5 (a), commingling, and (b), failing to maintain correct records of clients' fiduciary accounts. The charges arose in connection with respondent's representation of two clients in separate real estate matters.

We referred the matter to a Referee to take proof regarding the issues of fact raised by the petition and answer. A hearing was conducted on June 15, July 8 and July 10, 1992 and the Referee has filed his report. Petitioner moves to confirm in part and disaffirm in part the Referee's report. Specifically, petitioner seeks to disaffirm the finding of the Referee that petitioner failed to prove that respondent's commingling and conversion of his clients' funds was done with the intent to act dishonestly, fraudulently, deceitfully or by way of misrepresentation. In all other respects, petitioner seeks to confirm the Referee's report. Respondent requests that we confirm the Referee's report in its entirety.

Petitioner's motion should be granted. We confirm the Referee's findings that respondent engaged in conduct that adversely reflects on his fitness to practice law and that respondent commingled his clients' funds with his own and converted his clients' funds to his own personal use. Respondent's conduct constitutes a violation of the Code of Professional Responsibility DR 1-102 (A) (6) and DR 9-102 (A). We disaffirm the Referee's report to the extent that it found that respondent's commingling and conversion of his clients' funds did not constitute conduct involving dishonesty, fraud, deceit or misrepresentation because respondent did not intend to engage in that conduct. We conclude that respondent's conduct constitutes a violation of DR 1-102 (A) (4).

In view of respondent's misconduct, and after consideration of the mitigating circumstances advanced by respondent, we

conclude that he should be suspended from the practice of law for a period of two years and until further order of this Court.

DENMAN, P. J., CALLAHAN, GREEN, PINE and BOOMER, JJ., concur.

Order of suspension entered.