[602 NYS2d 295]

In the Matter of JEFFERSON T. LALIK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 1, 1993

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Rochester, for petitioner.

*Richard S. Mayberry,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on February 19, 1991, and has maintained an office for the

practice of law in the County of Ontario, New York. The allegations of the petition, which respondent does not dispute, establish that, in the course of representing three different clients, respondent misapplied funds paid by or on behalf of clients, commingled and converted funds, failed to maintain funds in appropriate bank accounts and failed to pay over client funds upon request. Respondent's conduct constituted violations of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]); DR 9-102 (A) (22 NYCRR 1200.46 [a]); DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]); DR 9-102 (B) (4) (22 NYCRR 1200.46 [b] [4]); DR 9-102 (C) (1) (22 NYCRR 1200.46 [c] [1]); DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3]); DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]); DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1]); and DR 9-102 (D) (2) (22 NYCRR 1200.46 [d] [2]).

In mitigation of his conduct, respondent asserts that the disputes arose from misunderstandings, that the aggrieved persons have been made whole and that his conduct resulted, in part, from problems arising out of substance abuse. Respondent has since sought treatment for his substance abuse problem, which appears to be under control. He is an active and participating member of Alcoholics Anonymous and of the Monroe County Bar Association Lawyers Helping Lawyers program. Nevertheless, respondent was guilty of failing to identify and preserve his clients' funds, failing to observe proper banking and accounting practices and commingling and converting funds, all of which reflect adversely upon respondent's capacity to practice as an attorney. We have considered his cooperation with the investigation of the Grievance Committee, his contrition, his admission of fault and his determination to cure himself of his affliction and we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of this Court (see, Matter of Kanaley, 192 AD2d 168; Matter of Kohler, 184 AD2d 39).

DENMAN, P. J., CALLAHAN, GREEN, LAWTON and FALLON, JJ., concur.

Order of suspension entered.