[634 NYS2d 289]

In the Matter of JOHN C. KANALEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 1995

#### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*John C. Kanaley,* Syracuse, respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice law by this Court on

December 11, 1968. By order entered July 16, 1993, he was suspended for two years and until further order of the Court *(see, Matter of Kanaley,* 192 AD2d 168, *lv denied* 82 NY2d 657). Prior to his suspension he maintained an office in Syracuse. Petitioner has filed a petition charging respondent with misconduct involving his representation of two clients prior to the entry of the order of suspension. Inasmuch as respondent's answer denied the charges, a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. Prior to the hearing, however, respondent submitted an amended answer admitting the material allegations of the petition and the Referee has returned the matter to this Court for disposition.

The petition alleges, and respondent admits, that respondent solicited investment funds for a real estate development project from his clients and their daughter without advising them to seek independent legal advice and also advised them that they would receive a return of four to five times the amount of their investment. However, a foreclosure action was brought against the development project resulting in the loss of the investment. The petition also alleges, and respondent admits, that respondent solicited a loan from another client without advising him to seek independent legal advice and that he made two payments on the loan but defaulted on the remaining payments. The client retained an attorney who sued respondent and obtained a default judgment.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A) (22 NYCRR 1200.20 [a])—accepting employment when the exercise of professional judgment on behalf of a client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests; and

DR 5-104 (A) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing business interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure.

We have considered the matters in mitigation submitted by respondent, including the fact that the present misconduct of respondent related to the same business transaction that resulted in his previous suspension. We conclude that respon-

dent should be suspended for an additional period of one year commencing July 16, 1995. We further direct that he make restitution of the amounts specified in the petition *(see, Matter of Dietrich,* 192 AD2d 19; *Matter of Levine,* 191 AD2d 141).

DENMAN, P. J., GREEN, PINE, FALLON and WESLEY, JJ., concur.

Order of suspension entered.